**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**YENIS ESPINAH, AND ALL OTHERS
SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                              **Case No. 6:13-cv-532-Orl-28KRS**

**THRIFTY SPECIALTY PRODUCE OF
PALM BAY, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 19)**
>
> **FILED:**     **July 9, 2013**

**I.    PROCEDURAL HISTORY.**

      Plaintiff Yenis Espinah filed a collective action complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against her employer, Defendant, Thrifty Specialty Produce of Palm Bay Inc. ("Thrifty"), for recovery of alleged unpaid overtime compensation on behalf of herself and similarly situated employees.[1]  Doc. No. 1.  On June 18, 2013, Espinah and Thrifty provided notice to this Court that they had reached a full settlement.  Doc. No. 17.  They now seek the Court's

---

[1] No other individuals filed consents to join the case.

approval of their settlement of claims under the FLSA. Doc. Nos. 19, 21-1, and 21-2. The motion was referred to me for issuance of a Report and Recommendation.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (internal quotation and citation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).[2] If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount. *See id.* at 351-352; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III. ANALYSIS.

#### A. *Settlement Agreement.*

The settlement agreement provides that Espinah will receive a total of $20,000.00, representing $4,500.00 for allegedly unpaid overtime, $4,500.00 for alleged liquidated damages, $7,500.00 for attorney's fees and costs, and $3,500.00 as additional compensation for Espinah's execution of a general release in this matter. Doc. Nos. 21-1 and 21-2 ¶ 4. The parties settled this case before Espinah filed her answers to the Court's Interrogatories. However, the parties represent that this figure was arrived at after Espinah reviewed and considered the payroll records provided to Espinah by Thrifty in compliance with the Court's FLSA Scheduling Order. Doc. No. 19 at 3; Doc. Nos. 21-1 and 21-2 ¶ 4. The parties also represent that, although Thrifty disputes Espinah's entitlement to the unpaid overtime claimed in this lawsuit, Thrifty has agreed to resolve this matter for the full amount of overtime compensation and liquidated damages claimed by Espinah in order to avoid the uncertainty and expenses of litigation. Doc. No. 19 at 7. Based on these representations and the terms of the settlement agreement, Espinah will receive all of the FLSA compensation and liquidated damages arguably due, as well as attorney's fees and additional compensation for the execution of a general release.

#### B. *Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010). "The Court is aware of the view

expressed by some judges in the district that a non-cash concession by an employee, such as a broad release clause, affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.,* No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012) (internal quotation and citation omitted); *see also Dees*, 706 F. Supp. 2d at 1240 ("[I]f the parties' proposed 'full compensation' agreement includes an additional term-such as forbearance of a valuable right of the employee . . . the notion of 'full compensation' becomes illusory and inapplicable."). The Eleventh Circuit has not determined whether a fairness finding is required when an FLSA plaintiff receives full compensation but also gives up a valuable right in a settlement agreement. Judges within this district appear to be split on the issue. *Compare Jarvis*, 2012 WL 933057, at *5-6, *with Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) *and Dees*, 706 F.Supp.2d at 1240.

A number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that were beyond the FLSA claim. *See, e.g., Irizarry v. Percepta, LLC*, Case No. 6:12-cv-1141-37KRS, Doc. No. 43 (M.D. Fla. June 20, 2013), *report and recommendation adopted* at Doc. No. 44 (M.D. Fla. July 10, 2013) (approving a settlement agreement where employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012), *report and recommendation adopted*, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer);

*Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299 (M.D. Fla. May 31, 2012), *report and recommendation adopted*, 2012 WL 2191492 (M.D. Fla. Jun. 14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); *Rappaport v. Embarq Mgmt. Co.*, No. 6:07-cv-468-Orl-19DAB, 2008 WL 4642593, at *2 (M.D. Fla. Oct. 17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release). The Court finds these cases to be persuasive and applicable to the instant case. Because substantial consideration above that arguably due under the FLSA is being paid, the general release does not render the settlement unfair or unreasonable.

Finally, because Espinah will receive all of the FLSA compensation arguably due, the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not "taint" the amount Espinah agreed to accept to settle the case.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** the Joint Motion and Stipulation for Approval of Settlement Agreement, and **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2. **PROHIBIT** counsel for Plaintiff from withholding any amounts payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

3. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

4. **DISMISS** the case with prejudice; and,

    5.    **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy